UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:16-CV-170

WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF
STANWICH MORTGAGE LOAN TRUST
A, as Successor in Interest to BANK OF
AMERICA, N.A.,

Plaintiff,

vs.

HEATHER ANN WAYNE; ANY SPOUSE
OF HEATHER ANN WAYNE; ROBERT
MASSENGILL CONSTRUCTION, INC.;
THE POINTE AT FLOWERS PLANTATION
HOMEOWNERS ASSOCIATION, INC.;
NFG#2 FEDERAL CREDIT UNION;
UNITED STATES INTERNAL REVENUE
SERVICE,

Defendants.

**DEFAULT ORDER AND JUDGMENT AS TO DEFENDANTS HEATHER ANN WAYNE, ROBERT MASSENGILL CONSTRUCTION, INC., AND NFG#2 FEDERAL CREDIT UNION**

THIS CAUSE was decided by the undersigned United States District Court Judge presiding over the May 2, 2017 session of the United States District Court, Eastern District, North Carolina, on Plaintiff's Motion for Entry of a Default Order and Judgment against Defendants Heather Ann Wayne, Robert Massengill Construction, Inc., and NFG#2 Federal Credit Union ("Non-Responding Defendants"), for their failure to file an appearance or answer, or otherwise plead to Plaintiff's Complaint; and

It appearing to the Court that default was entered by the United States District Court Clerk against Defendants Heather Ann Wayne, Robert Massengill Construction, Inc., and NFG#2

Federal Credit Union on January 26, 2017, for their failure to plead or otherwise defend as required by law; and

It further appearing to the Court that the Defendants were properly served with a copy of the Motion for Default Order and Judgment, Supporting Memorandum of Law, and a Proposed Default Order and Judgment, as shown by the Plaintiff's Certificate of Service filed April 10, 2017, and it appearing that this matter is properly before this Court;

The Court makes the following findings of fact and legal conclusions:

## FINDINGS OF FACT

1. On or about February 29, 2008, Defendant Robert Massengill Construction, Inc., a single person, ("Defendant RMC"), executed a General Warranty Deed to William S. Campbell and Stacy W. Campbell, recorded February 29, 2008, in Book 3503, at Page 929, of the Johnston County, North Carolina Registry, ("Chain Deed"), a parcel of real property located at 200 Worthington Court, Clayton, North Carolina 27527 ("Subject Property"), and further described in the legal description contained in the Chain Deed.

2. On or about September 30, 2010, Defendant Heather Ann Wayne, a single person, ("Defendant Wayne"), acquired the Subject Property via General Warranty Deed from William S. Campbell and Stacy W. Campbell recorded in Book 3899 at Page 205 of the Johnston County, North Carolina Registry, ("Vesting Deed").

3. On September 30, 2010, Defendant Wayne made, executed, and delivered to Plaintiff's predecessor in interest, FM Lending Services, LLC, a certain Promissory Note.

4. In order to secure the payment of said Note, and also on September 30, 2010, Defendant Wayne made, executed, and delivered to FM Lending Services, LLC, its successors and assigns, a certain deed of trust encumbering the Subject Property, ("Deed of Trust").

2

5. The Deed of Trust was recorded on September 30, 2010, in Book 3899 at Page 207, in the Johnston County Register of Deeds Office.

6. Due to a mutual mistake of the parties to the Chain Deed, Vesting Deed, and Deed of Trust, or an inadvertent error of the draftsmen of those instruments, the Deed of Trust recorded in Book 3899 at Page 207, the Vesting Deed recorded in Book 3899 at Page 205, and the Chain Deed recorded in Book 3503 at Page 929, all included an incorrect legal description. Specifically, the faulty legal description used in those instruments identified the wrong Plat Book reference as "Plat Book 68" when the correct reference is "Plat Book 66."

7. The correct legal description, and the legal description that was intended to be included in the Vesting Deed, Deed of Trust, and Chain Deed, is:

**Being all of Lot 152, Phase Four-A, Plantation Point subdivision, Part of Section IV of Flowers Plantation, as depicted in Map Book 66, Page 250-252, Johnston County Registry.**

8. Defendant NFG#2 Federal Credit Union was named in this action as a possible interest holder in the Subject Property by virtue of a judgment lien against Defendant Wayne in the original principal amount of $42,398.70, which lien was filed December 14, 2011, in the Johnston County Case No. 11 CVD 04022.

9. Defendant NFG#2 Federal Credit Union's lien is junior and subordinate to Plaintiff's Deed of Trust.

10. Defendant RMC was the last party to hold title to the Subject Property by a conveyance with a completely accurate legal description, and was the first party to make a conveyance containing the faulty legal description.

11. Bank of America, N.A., was the holder of the Note and Deed of Trust at the time this action was filed, but the Note and Deed of Trust were subsequently transferred to Plaintiff

3

Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A, and Plaintiff is now the holder of the Note and Deed of Trust.

12. On February 24, 2016, Plaintiff commenced this civil action in the Johnston County North Carolina Superior Court by filing a Complaint, Notice of Lis Pendens and Summons, and naming Defendants Heather Ann Wayne, Robert Massengill Construction, Inc., and NFG#2 Federal Credit Union as parties.

13. On April 12, 2016, Defendant United States of America, Internal Revenue Service, ("Defendant IRS"), filed a Notice of Removal, transferring the matter to this Court. Also on April 12, 2016, the Notice of Removal was served on all parties. Defendant IRS, and Defendant, The Pointe at Flowers Plantation Homeowners Association, Inc., ("Defendant HOA"), filed responsive pleadings, but the remaining Defendants failed to respond.

14. A copy of the Complaint and Summons was served on Defendants RMC and NFG#2 Federal Credit Union by certified mail, and receipt acknowledged by the defendant on March 14, 2016.

15. A copy of the Complaint and Summons was served on Defendant Heather Ann Wayne by depositing a copy at Heather Ann Wayne's residence or usual place of abode with Michael Wilson, 1112 Kenmore Dr., Clayton NC, 27520, on June 16, 2016.

16. To date, Defendants Heather Ann Wayne, Robert Massengill Construction, Inc., and NFG#2 Federal Credit Union have yet to file an appearance, an answer or to otherwise respond to the Plaintiff's Complaint. The Clerk of Court's entry of Default as against Defendants Heather Ann Wayne, Robert Massengill Construction, Inc., and NFG#2 Federal Credit Union was entered January 26, 2017, as Document 31 in this matter.

Based on the foregoing FINDINGS OF FACT, the Court makes the following CONCLUSIONS OF LAW:

4

## CONCLUSIONS OF LAW

1. Plaintiff is the holder of the Note and Deed of Trust which are the subject of this action, and is the proper party in interest in this matter;

2. Defendants and Plaintiff are entitled to an order removing the cloud on title represented by the error in the Subject Property's legal description contained in the Chain Deed, the Vesting Deed, and the Deed of Trust;

3. The Deed of Trust constitutes a valid lien upon all of the subject property from and after its recordation on September 30, 2010, which lien is senior to the Judgment Lien of Defendant NFG#2 Federal Credit Union;

4. This Court has personal jurisdiction over the parties and subject matter jurisdiction over the allegations as set forth in Plaintiff's Complaint; and

5. Defendants Heather Ann Wayne, Robert Massengill Construction, Inc., and NFG#2 Federal Credit Union have failed to plead or answer as required by law, and Plaintiff is entitled to the relief set forth in its Complaint as against those Defendants.

BASED UPON THE FOREGOING, IT HEREWITH IS ORDERED, ADJUDGED AND DECREED:

1. That Plaintiff's Deed of Trust was drafted and recorded in a manner sufficient to give a reasonable title searcher notice of the interest of the Plaintiff's lien on the property located at 200 Worthington Court, Clayton, North Carolina 27527, the typographical error in the Plat Book Number referenced in the Deed of Trust's legal description of the Subject Property notwithstanding.

2. That the Deed of Trust recorded September 30, 2010, in Book 3899 at Page 207, the Vesting Deed recorded September 30, 2010, in Book 3899 at Page 205, and the Chain Deed

recorded February 29, 2008, in Book 3503 at Page 929, of the Johnston County Public Registry shall be reformed to state the correct legal description for the Subject Property as follows:

**Being all of Lot 152, Phase Four-A, Plantation Point subdivision, Part of Section IV of Flowers Plantation, as depicted in Map Book 66, Page 250-252, Johnston County Registry.**

3. That the reformation of the Chain Deed, the Vesting Deed, and the Deed of Trust shall relate back to the original recording dates of each respective instrument.

4. That this Order granting the reformation of the Chain Deed, the Vesting Deed, and the Deed of Trust shall be duly recorded in the Johnston County Register of Deeds, and indexed according to those parties named in said instruments, as reformed.

5. That the Deed of Trust is a valid lien on the Property as drawn, which lien is senior to the interest of Defendant NFG#2 Federal Credit Union, Inc.; and

6. That Defendant Robert Massengill Construction, Inc. has no interest in the Subject Property and that title to same should be quiet in the name of the record owners thereof, subject to Plaintiff's Deed of Trust recorded in Book 3899 at Page 207.

SO ORDERED. This 2 day of May 2017.

JAMES C. DEVER III
Chief United Staes District Judge